<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PATRICK PERSUAD,** | : | |
| | | Civil Action No. 11-7483 (FSH) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| **CHRISTOPHER SHANAHAN, et al.,** | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Patrick Persaud
A-096-435-503/D84028
Bergen County Jail
160 South River Street
Hackensack, NJ 07601

**HOCHBERG**, District Judge

Petitioner, who lists his name as Patrick Persuad, is an alien detainee currently confined at Bergen County Jail, in Hackensack, New Jersey. He has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has paid the $5 filing fee. The respondents are Warden Robert J. Bigott and various federal officials.

The Court has considered the Petition. For the reasons stated below, the Petition will be dismissed.

I. BACKGROUND

Petitioner, a native citizen of Guyana, lists his name as Patrick "Persuad" ("u" before "a") in the caption of the Petition and uses that spelling under the signature line on page 30 of the Petition and in the accompanying documents. However, on page 6, paragraph 17 of the Petition, he lists himself as Patrick "Persaud" ("a" before "u"). He attaches the docket sheet from his pending Petition for Review, appealing his final administrative removal order, with the United States Court of Appeals for the Second Circuit (Court of Appeals docket number 10-3962) which lists the case name as "Persaud v. Holder." Further, the Alien Registration Number as A096-435-503 listed on the Second Circuit case corresponds to the name "Persaud."[1]

This court notes that Patrick "Persaud" filed a petition for writ of habeas corpus in this court on or about November 15, 2010, docket number 10-5992. That case was dismissed on October 26, 2011 as premature for various reasons including the fact of the pending case before the Second Circuit.[2] The instant Petition was dated December 19, 2011 and docketed on December 23, 2011. This Court construes the "Persuad" of the pending matter to be the same person as the "Persaud" of the previously dismissed matter.

Petitioner provides limited facts as to his background and detention in this matter and attempts to couch his arguments as a challenge to detention subsequent to a 1995 conviction. However, looking to the further facts provided in the previous matter 10-5992, it appears that petitioner was not detained in conjunction with that matter but rather is detained due to the

---

[1] The Alien Registration Number listed on the pending petition, A091-037-651, does not appear to be a valid number. A search of the U.S. Immigration and Customs Enforcement Online Detainee Locator System provides zero matching results.

[2] Same docket number for the Second Circuit case as listed in the instant petition.

immigration proceedings (now being litigated within the Second Circuit) which originally arose subsequent to a motor vehicle violation in 2003 which led to his identification as an alien without legal status. (See 10-5992, various documents, including the summary of facts listed in the Opinion filed by this Court.)

## II. STANDARDS FOR REVIEWING PRO SE PLEADINGS

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III. DISCUSSION

As a preliminary matter, the only proper respondent in a case challenging physical custody is "the immediate custodian" of the petitioner. Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). "It is the warden of the prison of the facility where the detainee is held that is considered

the custodian for purposes of a habeas actions." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). Bigott, who is the warden of the facility where Petitioner is being held, is the only proper respondent to this Petition for a writ of habeas corpus. For this reason, the Petition must be dismissed against Respondents U.S. Department of Homeland Security, Christopher Shanahan, Wayne Muller, Janet Napolitano, and Eric Holder.

For certain reasons set forth in the previous matter, 10-5992, the Petition as to Respondent Bigott, must be dismissed as premature since Petitioner still awaits the outcome of his pending petition in the Second Circuit. There has been no change in status since the filing of the previous petition or the conclusion of that matter.

The statute governing the detention and removal of aliens ordered to be removed, 8 U.S.C. § 1231, requires the detention of the individual to be removed for the duration of the "removal period," defined to generally have an outer limit of 90 days. 8 U.S.C. § 1231(a)(1) and (2). Detention during the post-removal-period is authorized, 8 U.S.C. § 1231(a)(6), but under the Supreme Court's holding in Zadvydas v. Davis, that detention cannot continue indefinitely. Zadvydas, 533 U.S. 687, 689 (2001). In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States." Id. It recognized six months as a presumptively reasonable period of detention. Id. at 701. To state a claim under Zadvydas, the presumptively reasonably six-month period "must have expired at the time [the] petition was filed []." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, Petitioner's Zadvydas claim is premature since the removal period has been deferred by the filing of the petition for review and request for stay with the Second Circuit. 8

U.S.C. § 1231(a)(1)(B)(ii).  See, e.g., Rodney v. Mukasey, 340 F.App'x 761, 764-65 (3d Cir. 2009) (finding the petitioner's Zadvydas claim premature where petitioner's appeal of a BIA decision was pending and the Court of Appeals had granted a stay of removal).

The governing statute provides that the removal period begins to run on the latest of the following three events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(ii).

After being taken into custody, Petitioner sought review by the Second Circuit as well as a stay of the removal order.  In so doing, Petitioner has essentially tolled the period during which he may lawfully be detained.  Rodney, 340 F.App'x at 764-65.  Detention pending a challenge to a removal order is "neither indefinite nor potentially permanent like the detention held improper in Zadvydas; it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point [...]." Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004).  Since the Second Circuit has not yet rendered its opinion in Petitioner's case, there is no removal period currently pending and therefore no active Zadvydas claim in this Court.

In the alternative, to the extent that Petitioner's post-removal-order period of detention could be challenged, Petitioner has presented no evidence that there is no significant likelihood of his removal in the reasonably foreseeable future.  The Zadvydas court held that "an alien may

5

be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," stating that the alien petitioner has the burden of "provid[ing] good reason to believe that there is no [such] likelihood" before the government respondents would be required to provide rebuttal evidence. Zadvydas at 701.

Petitioner's appeal is currently pending within the Second Circuit. He has shown no evidence that, upon decision of his appeal, he would not be removed within the proscribed time. In fact, according to the brief submitted by respondents in the original petition, Petitioner has not cooperated with efforts to effect his removal by providing necessary documents to effect his removal. Respondents there also noted that no difficulty is foreseen for the process of removing Petitioner to his native country if he does provide the necessary documentation. (See 10-5992, Attachment 3 to the Petition, Snitkovskaia Declaration.) As such, Petitioner has no viable claim under Zadvydas at this time.

To the extent that Petitioner has filed this petition in an attempt to have the Court reconsider the decision in the previously filed matter, any request for reconsideration was not properly filed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition without prejudice to Petitioner's ability to file a new petition in the future that may seek to state a claim upon which relief may be granted consistent with the observations made by the Court in this Opinion. An appropriate form of Order will be filed.

s/ Faith S. Hochberg<br>Faith S. Hochberg, U.S.D.J.

Dated:  January 31, 2012